UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 01 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| JAMES DAVIS MORRISON, TDCJ No. 01819356, | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL NO. SA-17-CA-1290-DAE |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

James Morrison, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for capital murder. Morrison was granted leave to proceed *in forma pauperis* in this matter. (ECF No. 8). As required by Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted a preliminary review of the petition. Having considered the habeas application (ECF No. 3), Morrison's memorandum in support of his petition (ECF No. 4), Respondent's Answer (ECF No. 14), the record (ECF Nos. 15-19), and applicable law, the Court finds the petition should be **DENIED**.

### I. Background

A grand jury indictment returned July 15, 2009, charged Morrison with capital murder in the deaths of Krystle Moten and her mother, Laura Moten, during the same course of action. (ECF No. 15-13 at 16). The State sought the death penalty as punishment. (ECF No. 15-13 at 17, 21). Morrison claimed he acted in self-defense, although he did not testify at his trial, and the jury was instructed on self-defense. (ECF No. 16-1 at 31-37). On October 12, 2012, after

deliberating for approximately four hours, the jury returned a verdict of guilty as charged. (ECF No. 16-3 at 6; ECF No. 16-4 at 14). After a sentencing hearing, the jury returned answers of "no" as to the issue of future dangerousness and "yes" as to the issue of mitigating circumstances, (ECF No. 15-3 at 8; ECF No. 16-2 at 20), and Morrison was sentenced to a term of life imprisonment without parole.

Morrison timely appealed his conviction, asserting a *Batson* claim. (ECF No. 15-3). The Fourth District Court of Appeals affirmed his conviction and sentence. *Morrison v. State*, No. 04-12-00744-CR, 2014 WL 3747226 (Tex. App.—San Antonio 2014). Morrison then applied for a state writ of habeas corpus, alleging he was denied the effective assistance of appellate counsel; Movant asserted his appellate counsel's error denied him the opportunity to timely seek discretionary review in his direct appeal. (ECF No. 11-8 at 5-22). The state trial court made findings of fact and conclusions of law, and recommended the writ be granted. (ECF No. 19-8 at 94-98). The Texas Court of Criminal Appeals granted the writ, (ECF No. 19-7), and allowed Morrison to file an out-of-time petition for discretionary review, but then refused review on the merits. *Ex parte Morrison*, No. WR-84,067-01, 2015 WL 6966136 (Tex. Crim. App. 2015); *Morrison v. State*, No. PD-1654-15 (Tex. Crim. App. 2016).

Movant filed a second application for state habeas relief, alleging: (1) ineffective assistance of trial and appellate counsel; (2) prosecutorial misconduct; (3) an abuse of the trial court's discretion in admitting testimony from the Medical Examiner; (4) the jury erred by finding him guilty of murder because there was evidence to support his claim of self-defense; and (5) insufficiency of the evidence. (ECF No. 19-11 at 4-30). The state trial court, which was also the convicting court, made findings of fact and conclusions of law, and recommended the

writ be denied. (ECF No. 19-11 at 40-44). Specifically, the trial court concluded Morrison's second habeas application was successive and he failed to show his ineffective assistance of counsel claims could not have been presented in his first state habeas action. (ECF No. 19-11 at 43-44). The court further found Morrison failed to raise his prosecutorial misconduct and insufficient evidence claims in his direct appeal. *Id.* The habeas trial court did not address the merits of any of Morrison's claims for relief. *Id.* The Court of Criminal Appeals denied the writ without written order on the findings of the trial court. (ECF No. 19-9).

In his federal habeas petition Morrison asserts: (1) he was denied the effective assistance of trial and appellate counsel; (2) the prosecutor misstated the law of self-defense during voir dire and alluded to evidence not admitted at trial; (3) the trial court abused its discretion by allowing testimony from the Medical Examiner; and (4) the jury erred by returning a guilty verdict after asking for clarification of the law on self-defense. (ECF No. 3 at 6-7). Respondent allows the petition is timely and not successive, and also allows Morrison exhausted all of his claims in the state court except for his fourth claim for relief.[1] (ECF No. 14 at 4). Respondent further contends Morrison's first and second claims are procedurally barred, and that his claim of trial court error is without merit.

---

[1] This claim was presented to the state courts; the state habeas trial court reiterated the claim as follows:
> In Applicant's fourth ground for relief, Applicant alleges that the jury erred by returning a guilty verdict. Specifically, Applicant references the note that the jury sent to the judge that allegedly read, "If we see that the defendant started out in self-defense but then exceeded into excessive force then does that supersede self-defense[?]"

(ECF No. 19-11 at 42).

3

## II. Analysis

### A. Exhaustion and procedural default

"[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts lack the power to grant habeas corpus relief on an unexhausted claim. *Kunkle v. Dretke*, 352 F.3d 980, 988 (5th Cir. 2003). To exhaust his state remedies, a petitioner must present his claims to the state's highest court in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court with jurisdiction to review the validity of a state criminal conviction is the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either in a direct appeal or collateral proceeding, the exhaustion requirement is satisfied. *Bautista v. McCotter*, 793 F.2d 109, 110-11 (5th Cir. 1986). To be properly exhausted, a claim must be presented to the Court of Criminal Appeals in a procedurally correct manner; the failure to present a claim in accordance with a state's rules renders it procedurally defaulted:

> If a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for dismissal, the prisoner has procedurally defaulted his federal habeas claim. The state procedural rule must be both independent of the merits of the federal claim and an adequate basis for the court's decision. A state procedural rule is an adequate basis for the court's decision only if it is strictly or regularly applied evenhandedly to the vast majority of similar claims.

*Rocha v. Thaler*, 626 F.3d 815, 820-21 (5th Cir. 2010) (internal quotations omitted).

4

A state procedural ground is "independent" if, as in this matter, the last reasoned state court opinion clearly and expressly indicates that its decision was based on state law and independent of federal law. *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999); *Reed v. Scott*, 70 F.3d 844, 846 (5th Cir. 1991). *See also Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning."). A state procedural ground is "adequate" when the procedural rule is "strictly and regularly followed" and applied consistently in the vast majority of similar cases. *Ford v. Georgia*, 498 U.S. 411, 424 (1991); *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). Morrison bears the burden of demonstrating the relevant rule was not firmly established or regularly followed. *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

In this matter, the state court found Morrison's claims procedurally barred based on state rules of criminal procedure independent of federal law. The state rule on which the procedural bar was based was an adequate basis for the court's decision. Accordingly, Morrison's federal habeas claims were procedurally defaulted in the state courts. Specifically, Morrison's claims were procedurally barred by the state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. (ECF No. 14-11 at 44). The rules stated in Article 11.07 have been strictly and regularly applied and qualify as a procedural bar to federal review. *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004); *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

## B. Cause and prejudice

Because all of Morrison's claims were found procedurally barred by the state court, the Court may only grant relief on the merits of these claims if Morrison can demonstrate both cause for the default and actual prejudice arising from a failure to consider the merits of the claims, or if he can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014). To establish cause for the default, Morrison must show that some external force impeded his efforts to comply with the state's procedural rule regarding proper presentment of his claims in the state courts. *Coleman*, 501 U.S. at 753. "Examples of external impediments include active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). To demonstrate prejudice, Morrison must show not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008); *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008). To establish a fundamental miscarriage of justice, Morrison must make a "persuasive showing" that he is actually innocent of the crime of conviction, i.e., that as a *factual* matter, he did not commit the crime of conviction. *Bagwell v. Dretke*, 372 F.3d 748, 757 (5th Cir. 2004); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

### C. Relief on Morrison's claims is procedurally barred

Morrison has not filed a reply to the response to his habeas petition or otherwise addressed the issue of his default of his claims. Morrison has not, therefore, established cause for or prejudice arising from his procedural default of his federal habeas claims in the state courts. Morrison has not made a convincing showing that the factual or legal basis for his claims was not available until it was too late to raise the claim in the state courts. *Robison v. Johnson*, 151 F.3d 256, 263 (5th Cir. 1998); *McGowen v. Thaler*, 717 F. Supp. 2d 626, 670 (S.D. Tex. 2010). The state habeas court found Morrison failed to state new facts or new law regarding his claims, and that Morrison "had knowledge at trial of the factual basis" for his claims. (ECF No. 19-11 at 44). Federal habeas courts are required to accord a presumption of correctness to state court findings of fact, unless they lack fair support in the record. *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990). The presumption is especially strong when, as in this matter, the state habeas court and the trial court are the same. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996). The state court's conclusion that Morrison had knowledge of the factual basis for his claims at the time of his appeal and his first state habeas action is supported by the record in this matter.

Ineffective assistance of appellate counsel may constitute cause for a procedural default of a claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, ineffective assistance of appellate counsel is sufficient cause for excusing a procedural default only if: (1) appellate counsel's failure to raise a claim rises to the level of unconstitutionally deficient and prejudicial error, i.e., the claim has merit; and (2) Morrison exhausted a claim of ineffective assistance of appellate counsel in his state habeas action. *Edwards*, 529 U.S. at 451.

In his second state habeas action Morrison alleged his appellate counsel was ineffective for failing to assert prosecutorial misconduct and trial court error. (ECF No. 19-11 at 41). The state court found the claims were procedurally defaulted because Morrison could have asserted them in his first state habeas action; therefore, Morrison did not properly exhaust the claims in the state courts. Furthermore, appellate counsel's alleged errors were not prejudicial because the record establishes the claims are without merit and, therefore, appellate counsel's performance was not unconstitutionally deficient for failing to raise the claims in Morrison's appeal. *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006).[2] Accordingly, Morrison has failed to show cause for his procedural default of his claims.

Morrison is unable to show prejudice arising from the default of all of his federal habeas claims because the claims are without merit. A thorough review of the entire record in this matter reveals Morrison was not denied the effective assistance of trial or appellate counsel, the prosecutor did not commit misconduct, the trial court did not err in the admission of the Medical Examiner's testimony, the evidence was sufficient to establish Morrison's guilt, and the jury could reasonably conclude Morrison did not act in self-defense. Morrison has not shown that the alleged errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.

Because Morrison has not established cause for, or prejudice arising from, his default of his claims in the state courts, he is only entitled to consideration of the merits of his claims if the failure to do so constitutes a fundamental miscarriage of justice. To establish a fundamental

---

[2] Morrison's claim regarding trial court error fails for the reasons stated in the Response. *See* ECF No. 14 at 15-16. The prosecutor's alleged misconduct was not "so egregious in the context of the entire trial" that it rendered the trial fundamentally unfair. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-48 (1974).

8

miscarriage of justice, the petitioner must make a "persuasive showing" that they are factually innocent, i.e., that they did not commit the crime of conviction. *Finley*, 243 F.3d at 220; *Bagwell*, 372 F.3d at 757. Morrison does not dispute that he committed the crime of conviction, but instead argues that he acted in self-defense, a claim of legal innocence as opposed to factual innocence. Therefore, no fundamental miscarriage of justice will occur absent a consideration of the merits of his claims.

### III. Certificate of Appealability

The Court next determines whether to issue a certificate of appealability ("COA"). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller–El*, 537 U.S. at 336 (internal quotations omitted).

A district court may deny a COA sua sponte without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that Morrison is not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion and Order

Morrison's claims for federal habeas relief were raised in his second application for a state writ of habeas corpus and found procedurally barred. Accordingly, Morrison's claims are procedurally defaulted. Morrison has not shown cause for, or prejudice arising from, his procedural default of these claims, nor has he established a fundamental miscarriage of justice will occur absent consideration of the merits of the claims.

Accordingly, based on the foregoing reasons,

**IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner James Morrison's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (ECF No. 3) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. Motions pending, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this 1 day of June, 2018.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE